United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40777
Summary Calendar
_____

DONALD WAYNE HULL,

                                        Plaintiff-Appellee,

versus

R. FORD; Etc.; ET AL.,

                                        Defendants,

MR. BOLECH, Corrections Officer III, Garza West Unit,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-43
---------------------

Before JOLLY, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Ben Bolech appeals from the district court's denial of his

motion for summary judgment on the grounds of qualified immunity.

Ben Bolech filed the motion in response to a 42 U.S.C. § 1983

complaint filed by Donald Wayne Hull when he was Texas prisoner

# 623637.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his complaint alleging excessive use of force, Hull stated that Bolech stabbed him three times in the right leg with an ink pen and that he sustained three lacerations to his leg as a result of Bolech's actions. The district court denied Bolech's motion for summary judgment on the ground that a genuine issue of material fact exists regarding the need and amount of force used by Bolech. Bolech does not contest the district court's finding in this regard. Rather, he argues that he was entitled to qualified immunity because Hull's injuries are de minimus.

A showing of some type of injury, more than de minimus, is necessary to assert an excessive force claim. Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999). In order to determine whether injuries caused by excessive force are de minimus, the context in which the force was used must be examined. Id. "'[T]he amount of injury necessary to satisfy our requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances.'" Id. at 703-04 (quoting Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996)). Because a genuine issue of material fact exists regarding the need and amount of force used by Bolech, the injuries cannot be determined to be de minimus simply by evaluating the physical nature of the injury. Accordingly, the judgment of the district court is AFFIRMED.